Van Brunt, P. J.
The appellants contest the probate of this will upon the ground of want of testamentary capacity and undue influence.
The questions presented are entirely those of fact, and a lengthy and extended discussion of the evidence does not seem to be necessary or appropriate in cases of this description. There is positively no evidence whatever of undue influence, unless undue influence is to be presumed upon the part of beneficiaries merely from the fact that a will has been made in their favor. It is true that where certain confidential relations exist such a presumption may arise, but not otherwise.
Restraint must be established by evidence, and no evidence of restraint or undue influence has been adduced in this case.
The will was drawn by his own counsel from directions given by himself, and although it was done in a sister’s house, no presumption of undue influence arises.
The claim that the testator was not of disposing mind and memory has more evidence to sustain it, but even this cannot stand even the slightest scrutiny.
This ground of contest divides itself into two branches: First, that he was rendered incapable of managing hie affairs, because of having become a confirmed inebriate; and, secondly, because he had some morbid delusions in respect to his wife.
That Mr. Bethune was a confirmed inebriate so as to be incapable of managing his affairs, is far from established. That he was a drinking man may have been proved; but that he had drunk to such excess as to be incapable of *296 managing his affairs, is not only not established but disproved. It is sworn to by at least one of the contestants’ witnesses that he was a good business man when out of liquor, and that he was careless when in liquor, and no witness proves more than this.
The testimony of Dr. Macdonald as to the effect of the habits of Mr. Bethune adds nothing to the contestant’s case, as the whole conclusion is based upon the assumption that Mr. Bethune had been a confirmed inebriate for ten or twelve years prior to the mating of the will, of which fact there is no evidence.
As to the delusion in respect to his wife, it is sufficient to say that there is no evidence that his belief as to the venereal disease had any influence upon the mating of his will. Nor is there any evidence that he had any venereal disease. If he had no such disease, even if he supposed he had from indications which might induce a person not acquainted with the symptoms of such a disease to so believe such belief cannot be called an insane delusion, because it had a foundation sufficient to warrant such a belief.
His belief as to the contestant not being his wife cannot be called a delusion, unless it is always to be considered an evidence of delusion for a client to believe the advice of his counsel. He was advised that she was not his wife, because of the existence of a prior marriage, which had not been dissolved, although such dissolution had been attempted. The fact that the prior marriage was not binding upon the contestant because of the existence of evidence of which Mr. Bethune had no knowledge, in no way alters the ¿ase.
Mrs. Bethune had been married before; her first husband was still living; proceedings had been taken to annul this marriage, and these proceedings Mr. Bethune was advised were null and void, because of jurisdictional defects, and that, therefore, his marriage with the contestant was void. Was it a delusion for Mr. Bethune so to believe under these circumstances? Certainly not.
Although Mr. Bethune may not have been in possession of all the facts, there were enough before him to show that his belief was not without evidence to support it.
It was not, therefore, a delusion.
A. will cannot be overturned simply because the testator had not correctly informed himself as to afl the facts and circumstances surrounding him. This seems to be the claim of the contestant upon this branch of the case.
We see no reason to interfere with the conclusion of the surrogate, and the decree should be affirmed, with costs.
Daniels, J., concurs.